UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | | |
|---|---|---|
| YOLANDA FAULK, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Case No.  3:12-cv-00769-HGD |
| | ) | |
| TOM KILGORE, et al., | ) | |
| | ) | |
| Defendants | ) | |

# **MEMORANDUM OPINION**

The above-entitled civil action is before the court on the motion for summary judgment filed by defendants Tom Kilgore and Terry Gamble.  (Doc. 29).  The parties have consented to the exercise of jurisdiction by the undersigned magistrate judge, in accordance with 28 U.S.C. § 636(c) and LR 73.2.  The parties have submitted briefs and evidence in support of and in opposition to the motion for summary judgment, and the matter is now ready for disposition.

Plaintiff, Yolanda Faulk, commenced this action by filing a complaint against Tom Kilgore, President & Chief Executive Officer of the Tennessee Valley Authority (TVA); Terry Gamble, Plant Manager of TVA's Cumberland Fossil Plant; Day & Zimmerman NPS, Inc.; Newton B. Jones, President of the International Brotherhood

of Boilermakers, Iron Shipbuilders, Blacksmiths, Forgers & Helpers (Boilermakers); Jack Frost, Union Business Manager for Boilermakers Local 455; Zachary Hamilton, Foreman of Boilermakers Local 455; Boilermakers Local Union 455; Eddie Cuevas, Job Steward for Boilermakers Local 455; and Tommy Boothe, Foreman of Boilermakers Local 455.  All defendants, with the exception of Kilgore and Gamble, have been dismissed based on plaintiff's motions or joint stipulations of dismissal.

Plaintiff alleges in her complaint that she was employed by TVA and was subjected to harassment, sexual harassment and the threat of physical harm.  She claims that defendants breached their duty of representation at the local and national/international levels by failing to protect her from physical harm and allowing the harassment to continue when plaintiff was assigned to another TVA facility in Cumberland, Tennessee, and created a hostile work environment for plaintiff. Plaintiff filed an EEOC charge that claiming that employees of defendants were allowed to harass her in an incident of hazing, which was against TVA Fossil Projects-Safety Enforcement Policy and Guidelines, sexually harassed plaintiff and physically assaulted plaintiff.  Plaintiff avers she was retaliated against for this charge by being laid off.  Plaintiff alleges defendants also violated the Labor-Management Reporting and Disclosure Act by trying to force plaintiff to sign a warning notice to be placed in her personnel file, that she left early without notifying her foreman.

Plaintiff denied the claim and refused to sign the warning, and a copy of the notice was not given to her. Plaintiff claims that defendants placed sexually suggestive pictures and magazines on the walls of common areas, and plaintiff was doused with an unknown substance she was told contained urine and feces. Plaintiff asserts causes of action pursuant to the Labor-Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. § 411(a)(5)), and Title VII for sexual harassment and retaliation. (Doc. 1, Complaint).

In their motion for summary judgment, Kilgore and Gamble assert three grounds for dismissal of the complaint against them: (1) plaintiff's LMRDA claim will not lie against TVA or its officers or directors because Government corporations are specifically excluded from the coverage of the LMRDA; (2) only the TVA Board of Directors is a proper defendant to a Title VII claim arising out of TVA employment, and (3) plaintiff has no Title VII claim against the TVA Board of Directors because the undisputed facts show that plaintiff was not a TVA employee. (Doc. 29, Motion for Summary Judgment; Doc. 30, Brief in Support of Motion for Summary Judgment).

In a response to the motion for summary judgment, plaintiff concedes that she cannot state any claims against Kilgore and Gamble and states that she withdraws her complaint as to Kilgore and Gamble. (Doc. 35, Plaintiff's Response, at 1). However,

instead of addressing the additional grounds argued by defendants, she asks to be allowed to amend her complaint to name the TVA Board of Directors as the sole defendant on her LMRDA and Title VII claims. Defendants oppose the request to amend on the basis that any amendment would be futile, inasmuch as no LMRDA claim will lie against TVA and the evidence shows that plaintiff was not a TVA employee and thus cannot emanation a Title VII claim against TVA. (Doc. 36, Defendants' Opposition to Motion to Amend).

The undisputed facts establish that plaintiff was a former employee of Day & Zimmerman NPS, Inc. (DZ NPS), which performed work under a contract with the TVA at its Cumberland Fossil Plant (Cumberland) in Cumberland City, Tennessee. That work included modifications or construction work and some supplemental maintenance work. (Rodenhaber Decl. at 1-2). The TVA-DZ NPS contract (No. 46123) specifies that the "principal Work" of DZ NPS is "to employ and manage all craft labor necessary for the execution of modification and supplemental maintenance Work," referred to in the contract as "project-type Work." (Rodenhaber Decl., Ex. 1 at 6). The work performed by DZ NPS is "defined for each project in a Project Authorization" (PA) issued by TVA. (*Id.*). The PA defines the "specific scope of Work and the location," the "overall schedule for the Work," a "detailed estimate of the total project cost," and a "detailed project schedule." (*Id.* at 6-7). For project

work, DZ NPS "perform[s] a variety of functions, including, without limitation, site engineering, project management, inspection and testing services, craft training, administration of subcontractors and TVA's other contractors, and some procurement-related activities." (*Id.* at 6).

Under the contract, DZ NPS is responsible for hiring craft workers through the appropriate unions, supervising their work during the outage, and terminating them through a layoff as the work is completed. (Rodenhaber Decl. at 2). DZ NPS was responsible for all of the normal activities associated with managing its own employees. It was entirely the responsibility of DZ NPS to hire, train, discipline, supervise, schedule, calculate and pay wages and benefits, make appropriate tax withholdings and pay employer's share of social security taxes, maintain personnel records, give performance reviews, and layoff or terminate craft employees who worked for DZ NPS on project work at a TVA facility. (*Id.*).

For DZ NPS craft employees engaged in project work, TVA is not involved in (1) determining which individual craft employees are hired; (2) providing any direct supervision of their work; or (3) determining the order in which craft employees were to be laid off, or the identity of the craft employees to be laid off. (Rodenhaber Decl. at 2-3). At no time, under the terms of the contract, or in actual practice, did TVA

employees exercise supervisory control over DZ NPS's craft employees performing project work.  (*Id.*).

Plaintiff, a female African-American, was employed as an apprentice Boilermaker by DZ NPS to perform project work at Cumberland during an outage in March and April 2010.  (EEOC Charge, Doc. 19-1 at 2; Rodenhaber Decl. at 3; Compl., Doc. 1 at 1-2).  TVA was not involved in DZ NPS's decision to employ plaintiff or to lay her off.  (Rodenhaber Decl. at 3-4).  Plaintiff did not report to a TVA manager or supervisor.  Instead, she worked under the direction and control of DZ NPS on various PAs issued by TVA to DZ NPS.  (*Id.*).  In particular, DZ NPS, not TVA, exercised the right to control the means and manner of performance of the work of plaintiff and others hired by DZ NPS for project work.  TVA managers had no involvement in the incidents about which plaintiff complains.  (*Id.* at 3).

As an employee of DZ NPS, plaintiff received no salary, leave, insurance, retirement, or other benefits from TVA and TVA did not withhold any monies from specific paychecks for tax or other purposes.  Any employee benefits were provided and paid for by DZ NPS, not TVA. (Rodenhaber Decl. at 3).  TVA was not involved in the decision to hire plaintiff, did not supervise her, and was not involved in the decision to lay her off.  (*Id.* at 3-4).

**DISCUSSION**

**<u>Withdrawal of Complaint Against Kilgore and Gamble</u>**

Plaintiff states in her response to the motion for summary judgment that she withdraws her complaint against Kilgore and Gamble although she has not formally dismissed her claims against them. Nonetheless, the court accepts the representation of counsel for plaintiff that she no longer intends to pursue any claims against Kilgore and Gamble. For that reason alone, the motion for summary judgment of Kilgore and Gamble is due to be granted and this action dismissed.

However, since plaintiff asserts that she wishes to file an amended complaint naming the TVA Board of Directors as the sole defendant for her LMRDA and Title VII claims, the court must determine whether, under the facts and law, such an amendment should be permitted. It is well settled that motions to amend are addressed to the sound discretion of the trial judge. *See, e.g., Gramegna v. Johnson*, 846 F.2d 675, 678 (11th Cir. 1988); *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984). While that discretion is tempered by Fed.R.Civ.P. 15(a)'s proviso that "leave shall be freely given when justice so requires," it is clear that "there is no obligation to allow amendment if to do so would be futile." *Laborers Local 938 Joint Health and Welfare Trust v. B. R. Starnes Co.*, 827 F.2d 1454, 1456 (11th Cir. 1987) (*citing Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962));

*see Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005) (a district court need not allow an amendment "where amendment would be futile").

**LMRDA**

Plaintiff has alleged that she was employed by TVA and that defendants breached their duty of representation under the LMRDA. Title 29 U.S.C. § 411 provides in relevant part:

> **Safeguards against improper disciplinary action.** No member of any labor organization may be fined, suspended, expelled, or otherwise disciplined except for nonpayment of dues by such organization or by any officer thereof unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing.

29 U.S.C. § 411(a)(5). Title 29 U.S.C. § 402 provides in relevant part:

> "Employer" means any employer or any group or association of employers engaged in an industry affecting commerce (1) which is, with respect to employees engaged in an industry affecting commerce, an employer within the meaning of any law of the United States relating to the employment of any employees or (2) which may deal with any labor organization concerning grievances, labor disputes, wages, rates of pay, hours of employment, or conditions of work, and includes any person acting directly or indirectly as an employer or as an agent of an employer in relation to an employee *but does not include the United States or any corporation wholly owned by the Government of the United States* or any State or political subdivision thereof.

29 U.S.C. § 402(e) (emphasis added). Therefore, by its own terms, the LMRDA does not apply to the TVA, which is a corporation wholly owned by the United States

Government.  *See* 16 U.S.C. § 831r (designating TVA as "an instrumentality and agency of the Government of the United States"); *Ashwander v. TVA*, 297 U.S. 288, 315, 56 S.Ct. 466, 80 L.Ed. 688 (1936) (referring to TVA as "an agency of the federal government"), *Hester v. International Union of Operating Engineers*, 818 F.2d 1537, 1541 (11th Cir. 1987), *rev'd on other grounds*, 488 U.S. 1025, 109 S.Ct. 831, 102 L.Ed.2d 963 (1990).

Therefore, allowing an amendment to the complaint to name the TVA Board of Directors or TVA as a defendant to a claim under the LMRDA would be futile because TVA is not subject to suit under the LMRDA.

**Title VII**

Title VII prohibits an employer from discriminating against "any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a).  An employer also may not discriminate against an employee "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a).  It is axiomatic that, in order for an entity to be liable under Title VII, it must be the plaintiff's employer.

Plaintiff seeks to add the TVA Board of Directors as a defendant to her Title VII claim because 42 U.S.C. § 2000e-16c provides that in an action against a federal agency, the head of the agency shall be the defendant. However, the undisputed evidence in this case is that plaintiff was <u>not</u> employed by the TVA; instead, she was an employee of Day & Zimmerman NPS, Inc. There is also no evidence to allow the court to treat TVA and Day & Zimmerman as a single employer of plaintiff. TVA had no contract with plaintiff individually and was not involved in DZ NPS's decision to employ plaintiff or to lay her off. Plaintiff did not report to a TVA manager or supervisor; she worked under the direction and control of DZ NPS. Plaintiff received no salary, leave, insurance, retirement, or other benefits from TVA and TVA did not withhold any monies from specific paychecks for tax or other purposes. Any employee benefits were provided and paid for by DZ NPS, not TVA.

Because TVA was not plaintiff's employer, she cannot state a claim against TVA under Title VII. Therefore, allowing an amendment to the complaint to name the TVA Board of Directors or TVA as a defendant to a claim under Title VII would also be futile.

## CONCLUSION

Based on the foregoing, the court finds and determines that the motion for summary judgment filed by defendants Tom Kilgore and Terry Gamble is due to be

granted and this action dismissed with prejudice. The court further finds that plaintiff's request to amend her complaint to name TVA or TVA Board of Directors as the defendant for her claims pursuant to the Labor-Management Reporting and Disclosure Act and Title VII is due to be denied as futile.

A separate order in conformity with this Memorandum Opinion will be entered contemporaneously herewith.

DONE this 18th day of April, 2013.

_____
HARWELL G. DAVIS, III
UNITED STATES MAGISTRATE JUDGE